FRANK A. WEISER, (Bar No. 89780)
LAW OFFICES OF FRANK A. WEISER
3460 Wilshire Blvd., Ste. 1212
Los Angeles, California 90010
Tel: (213) 384-6964
Fax: (213) 383-7368
E-Mail: maimons@aol.com

Attorneys for Plaintiffs
MS & SONS HOSPITALITY, LLC;
a California Limited Liability
Company, MUKESH PATEL,
BHAVIN PATEL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS & SONS HOSPITALITY, LLC, a California Limited Liability Company; MUKESH PATEL; BHAVIN PATEL, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF RIVERSIDE, a municipal corporation; DEPUTY SHERIFF RIVERA sued as DOE 1; DEPUTY SHERIFF RIVERA sued as DOE 2; PILOT TRAVEL CENTERS LLC; WILLIAM ALLEN; AND DOES 3 THROUGH 10 INCLUSIVE, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES; INJUNCTIVE AND DECLARATORY RELIEF** <br><br> **[Violation of Federal Civil Rights- 42 U.S.C. Section 1983]** <br><br> **DEMAND FOR FOR JURY TRIAL** |

1

Plaintiffs MS & SONS HOSPITALITY, LLC; a California Limited Liability Company, MUKESH PATEL, and BHAVIN PATEL (collectively "Plaintiffs," or individually "MS," "MP," "BP") hereby file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3). This action, which arises under the laws and Constitution of the United States, specifically, the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and involves violations of federal law actionable pursuant to 42 U.S.C. Section 1983. Diversity jurisdiction exists over the supplemental state claim pursuant to 28 U.S.C. Section 1332 and supplemental jurisdiction also under under 28 U.S.C. 1367 (a)..

2.     Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that the Defendant COUNTY OF RIVERSIDE, a municipal corporation ("County") is a public entity residing in this District, the individual Defendants reside and operate in this district and the claims arose in this District.

## PARTIES

3.     Plaintiff MS is a California Limited Liability Company duly formed and existing under the laws of the State of California and is the the legal owner of real property and a motel operating on such property commonly known as the MOTEL 6 - THOUSAND PALMS ("Property," or "Motel") at 72215 Varner Road, Thousand Palms, CA 92276..

2

4.    Plaintiffs MP and BP are owners of MS and manage and operate the motel and sues in this case individually.

5.    The County is a municipal corporation formed and operating under its local charter and the laws of the State of California.

6.    The Defendant DEPUTY SHERIFF RIVERA, sued as Doe 1 ("RV") is a deputy sheriff with the County's Sheriff's Department. RV's County Sheriff Badge No. is unknown at this time and RV is sued as DOE 1.

7.    The Defendant DEPUTY SHERIFFCOSBY ("CB") is a deputy sheriff employed by County's Sheriff's Department. CBhas a County Sheriff Badge No. is unknown at this time and RV is sued as DOE 2.

8.    The Defendant PILOT TRAVEL CENTERS LLC ("PILOT") is a Delaware limited liability company that maintains its principal place of business at 5508 Lonas Drive, Knoxville, Tenenessee 37909, and conducts business in California.

9.    The Defendant WILLIAM ALLEN ("WA") is an employee of PILOT, and is employed by Pilot in Riverside County, California.

10.    The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 10, and persons heretofore unknown involved in the actions taken against plaintiffs are unknown to him at this time. Plaintiffs are informed and believe and based thereon alleges that each of the DOE defendants are responsible in some manner for the occurences herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants

3

are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant", "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

## PRELIMINARY FACTUAL HISTORY

11. Pilot is the owner and operator of the Flying J Travel Center ("the Travel Center"), located at 72235 Varner Road, Thousand Palms, CA 92276..

12. The Motel and Travel Center are directly adjacent to one another.

13. On July 27, 1987, t he predecessor owners of the Motel's property and the Travel Center's real property along with other adjacent property owners entered into a contractual agreement entitled "Declaration of Covenants, Conditions, Restrictions and Easements" (CC & R'S) that set forth certain agreements as to the development, maintenance, repair and alterations to their respective properties.

14. On August 21, 1987, the CC&R's were recorded in the official records of the County of Riverside Recorder's Office as Instrument No. 244025.

15. The CC&R's required each of the parcel owners to maintain, or cause to be maintained, their parcel in a :"neat, clean, orderly, safe, sanitary and attractive condition."

16. At all times material herein, the Defendant Pilot has not maintained its parcel in a "neat, clean, orderly, safe, sanitary and attractive condition."

17. Rather, the Defendant Pilot has permitted numerous homeless individuals to enter and stay on their parcel directly abutting the Motel, including allowing criminal gangs and drug and nuisance activity to congregate at such place also.

4

18.    As a result, this has caused numerous calls for service by the motel to the County Sheriff's Department to protect its property, employees, and guests at the property.

19.    On or about December 15, 2017, Plaintiffs erected a fence between its property and the Travel Center's property in order to protect its property, employees, and guests at the property.

20.    The cost to erect the fence cost Plaintiffs over $75,000.00.

21.    In August of 2021, MS filed suit against Pilot in the County of Riverside Superior Court alleging that the resulting criminal and nuisance activity emanating from the Travel Center's property has caused MS severe economic and non-economic damages, both as a result of a loss of business, damage to the property, and also a loss of good will from its patrons, and damage to its employees and guests at the motel, and constituted a violation of the State of California's private and public nuisance statutes.

22.    The name of the state court case referenced in paragraph 21 above is entitled MS & Sons Hospitality, LLC v Pilot, et al.; Riverside County Case No. CVPS104467 ("State Case").

23.    In November of 2021, the Defendant Pilot filed an answer to the complaint in the state case and filed a cross-complaint against MS.

24.    In January of 2022, MS filed an answer to Pilot's cross-complaint in the state case.

25.    The state case is still pending and prior to MS filing it, Pilot had not taken any legal action to contest the fence erected by Plaintiffs.

5

26      On January 13, 2022, at approximately 11:00 a.m., the Defendants Pilot, Allen and two male individuals whose names are unknown at this time, started to cut the fence.

27.      This was done upon the explicit advice of their counsel of record in the state case, ERIC B. SCHWARTZ, ESQ. Of SIDLEY AUSTIN, LLP ("ES" or "SA"), who contended that Pilot could do so under a claimed state private nuisance seld-abatement statute.

28.      Prior to the Defendants Pilot, Allen and the two unknown male individuals taking the actions stated in paragraoh 13, MS's counsel of record in the state case and this case informed ES and SA in an e-mail not to do so and that MS strongly objected to any such action of taking doen the fence without a court order.

29.      Defendant Pilot and ES and SA rejected MS's objections stated in paragraph 29 above.

30.      Shortly after the Defendants Pilot, Allen and the two unknown male individuals began to cut and take down the fence, Plaintiff BP called the County Sheriff's Department informing it that there were individuals who wre vandalizing their fence and tresspassing on the property and requested that the Sheriff's Department to send a deputy sheriff to arrest, and stop said Defendants from further doing so.

31.      Shortly thereafter, the Sheriff's Department dispatched Defendant RV who came to the motel and spoke to Plaintiff BP the Defendants Allen and the two unknown male individuals, and said Defendants stated that they were taking such actions upon the explicit orders of their "attorneys."

6

32.     After Defendant RV spoke to Plaintiff BP the Defendants Allen and the two unknown male individuals, Defendant RV refused to arrest said Defendants or issue a citation to said Defendants and then Defendant RV left the motel.

33.     After Defendant RV left the motel, the Defendants Pilot, Allen and the two unknown male individuals then once again continued with tresspassing on the property, and cutting and taking down the fence.

34.     At approximately 2:00 p.m. the same day of January 13, 2022, the Plaintiff MP also called the County Sheriff's Department informing it that there were individuals who were vandalizing their fence and tresspassing on the property and requested that the Sheriff's Department to send a deputy sheriff to arrest, and stop said Defendants from further doing so.

35.     Shortly thereafter, the Sheriff's Department dispatched Defendant CB who came to the motel and spoke to Plaintiff MP the Defendants Allen and the two unknown male individuals, and said Defendants once again stated that they were taking such actions upon the explicit orders of their "attorneys," showing Defendant CB papers that they claimed were the written orders to do so from their "attorneys".

36.     After Defendant CB spoke to Plaintiff MS and the Defendants Allen and the two unknown male individuals, Defendant CB asked said Defendants to stop trespassing, cutting and taking down the fence and that they should seek a court order to do so, but Defendant CB refused to arrest said Drfendants or issue a citation to said Defendants and then Defendant CB left the motel. To date, the Travel Center's truckers and customers are trespassing and entering the motel property that is not subject to the dispute in the state case and CC&R's. causing, interfering with the motel's peaceful operations and the quiet

7

enjoyment of Plaintiffs, their employees, and guests. Defendants Pilot, WA and the two unknown individuals then disposed of Plaintiffs' fence without returning it to Plaintiffs.

37.  As a result of the actions of .the Defendants, and each of them, the Plaintiffs have suffered severe economic and non-economic damages. Plaintiffs do not sue in this case for the claims being litigated in the state case but only sue for the actions taken by the Defendants, and each of them, on January 13, 2022 in cutting and taking down Plaintiffs' fence and trespassing onto the motel property not subject to the CC&R's.

### FIRST CLAIM FOR RELIEF

### (Violation of Civil Rights Under 42 U.S.C. Section 1983

### by Plaintiffs Against All Defendants)

38.  Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 37, and all its subparts, inclusive, as set forth hereinabove.

39.  Plaintiffs are informed and believe, and based upon such information and belief alleges, that in doing all of the things herein mentioned, the defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the County of Riverside, and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

40.  Plaintiffs are further informed and believe, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 1-37 above, the Defendants, and each of them, violated and further threaten to violate the constitutional and civil rights of Plaintiffs, in particular its individual rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from to be free from an unreasonable

search and seizure of their property; and further violated and threatens to violate under the Fifth Amendment and Fourteenth Amendments of the United States Constitution Takings Clause; further violated and thhreaten to violate their individual rights under the substantive and procedural components of the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment.of the United States Constitution.

41. The Defendant County and Deputy Sheriffs actions described in paragraphs 1-37 above were done pursuant to official policy, custom, or practice of the County, and the said individual County Deputy Sheriff defendants are not entitled to qualified immunity. The individual defendants Pilot, Allen and the two unknown male individuals are not entitled to any immunity, qualified or otherwise.

42. As a proximate result of the foregoing acts of defendants, and each of them, Plaintiffs have suffered extreme hardship and damages, which damages include, but is not limited to, economic and non-economic damages, according to proof at trial, but not less than $5,000,000.00; and to appropriate declaratory and injunctive relief, against all the defendants, and to its reasonable attorneys fees under 42 U.S.C. section 1988.

## SECOND CLAIM FOR RELIEF

### (Trespass by Plaintiffs Against Pilot Only)

43. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 37, and all its subparts, inclusive, as set forth hereinabove.

44. The actions taken by Pilot constitutes a trespass on the Plaintiffs' property onto the motel property not subject to the CC&R's., and caused by the actions by Pilot, whereby Pilot has acted, negligently, intentionally and tortiously in causing such trespass and has acted

9

negligently, intentionally and tortiously in failing to abate and enjoin such trespass.

45.  As a result of the actions by Pilot, Pilot a continuing trespass exists onto the motel property not subject to the CC&R's, and continues to exist resulting in damage to Plaintiffs on a daily basis, giving rise to a new cause of action. Alternatively, to the extent any damages and or injuries cannot be abated, the trespass is permanent, with permanent damages and injuries to Plaintiffs.

46.  As a proximate result of the foregoing acts of defendants, and each of them, Plaintiffs have suffered extreme hardship and damages, which damages include, but is not limited to, economic and non-economic damages, including dimunition in the value and use of their property, according to proof at trial, but not less than $5,000,000.00; and to appropriate declaratory and injunctive relief, against all the defendants, and to its reasonable attorneys fees.

## THIRD CLAIM FOR RELIEF

### (Damages by Plaintiffs Against Pilot Only)

47.  Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 37, and all its subparts, inclusive, as set forth hereinabove.

48.  The actions taken by Pilot constitutes a destruction, and damage of Plaintiffs' fence and property, and caused by the actions by Pilot, whereby Pilot has acted, negligently, intentionally and tortiously in causing such destruction, vandalism, and damage of Plaintiffs' fence and property and has acted negligently, intentionally and tortiously in doing so..

49. As a proximate result of the foregoing acts of defendants, and each of them, Plaintiffs have suffered extreme hardship and damages, which damages include, but is not limited to, economic and non-economic damages, including dimunition in the value and use of their property, according to proof at trial, but not less than $5,000,000.00; and to appropriate declaratory and injunctive relief, against all the defendants, and to its reasonable attorneys fees.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

1. For damages according to proof at trial, but not less than $5,000,000.00;

2. For appropriate declaratory and injunctive relief,

3. For attorney's fees pursuant to 42 U.S.C. Section 1988;

### SECOND CLAIM FOR RELIEF

4. For damages according to proof at trial, but not less than $5,000,000.00;

5. For appropriate declaratory and injunctive relief,

6. For attorney's fees;

### THIRD CLAIM FOR RELIEF

7. For damages according to proof at trial, but not less than $5,000,000.00;

8. For appropriate declaratory and injunctive relief,

9. For attorney's fees;

FOR ALL **CLAIMS FOR RELIEF**

10. For costs of suit; and

11. For such other and further relief as the Court deems just and proper.

DATED: January 26, 2022

LAW OFFICES OF FRANK A. WEISER

By: _Frank A. Weiser_

FRANK A. WEISER, Attorney for Plaintiffs MS & SONS HOSPITALITY, LLC; a California Limited Liability Company, MUKESH PATEL, BHAVIN PATEL

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

DATED: January 26, 2022

LAW OFFICES OF FRANK A. WEISER

By: _Frank A. Weiser_

FRANK A. WEISER, Attorney for Plaintiffs MS & SONS HOSPITALITY, LLC; a California Limited Liability Company, MUKESH PATEL, BHAVIN PATEL